IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TYRONE D. ARDS,

                    Plaintiff,

   v.

TIMOTHY CASIANA, MIKE MORRISON,
THEODORE ANDERSON, DAN NORGE,
RAYMOND WOODS, RANDY SCHNEIDER,
CORRECTIONAL OFFICER THOMPSON,
CORRECTIONAL OFFICER STELLICK,
LUCAS WEBER, DAVID MELBY, JANE/JOHN DOE
NURSE 1-3, and JOE REDA

                    Defendants.

OPINION & ORDER

16-cv-341-jdp

---

      Pro se prisoner Tyrone Ards is in the custody of the Wisconsin Department of Corrections (DOC), incarcerated at the Columbia Correctional Institution (CCI). Plaintiff has filed a proposed complaint under 42 U.S.C. § 1983, alleging that prison officials violated his constitutional rights by depriving him of basic necessities, failing to adequately respond to his threats of suicide, and using excessive force against him. Dkt. 1. Plaintiff has also filed a motion for assistance recruiting counsel. Dkt. 4.

      Plaintiff has made an initial partial payment of his filing fee, as directed by the court. The next step in this case is for me to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief can be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915, 1915A. In screening any pro se litigant's complaint, I must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). After reviewing the complaint with this principle in mind, I conclude that plaintiff

has failed to comply with Federal Rule of Civil Procedure 8 because he has not provided a short and plain statement of his claims against defendants. I also note that plaintiff appears to be bringing unrelated claims against unrelated defendants, which would violate Rules 18 and 20. I will therefore dismiss plaintiff's complaint and give him an opportunity to amend it. I will also deny plaintiff's motion for assistance recruiting counsel.

ALLEGATIONS OF FACT

Plaintiff is currently incarcerated at CCI, which is located in Portage, Wisconsin. Defendants are DOC employees who worked at CCI during the relevant events of this case.

In February 2014, CCI staff placed plaintiff in clinical observation because he felt that he might harm himself. According to plaintiff, inmates on observation status did not have basic necessities. These inmates were:

- Denied showers, toothpaste and toothbrushes, combs, lotion, shampoo, and other basic hygiene products;
- Denied opportunities to floss, clip their toenails, and wear shoes or underwear;
- Denied opportunities to clean their cells, sweep or mop their floors, and disinfect their sinks;
- Forced to eat meals such as cereal and noodles without utensils;
- Given only four to eight pieces of toilet paper; and
- Denied opportunities to read magazines, send letters, and acquire forms.

Defendants Raymond Woods, Dan Norge, Lucas Weber, David Melby, and Mike Morrison were aware of these conditions (plaintiff does not explain how) and could have addressed them. For example, Woods and Norge—both psychologists at CCI—could have authorized inmates on observation status to receive each of the items or opportunities listed

above. Likewise, Weber, Melby, and Morrison—the security director at CCI, a unit manager at CCI, and a security supervisor at CCI—could have ordered that inmates on observation status receive showers and cell cleaning supplies.

After being in observation for three weeks, plaintiff stopped eating and drinking. He lost about "10% of his BMI." Dkt. 1, ¶ 33. Woods, Norge, and another doctor at CCI,[1] as well as defendants John/Jane Doe Nurses 1-3, were aware of plaintiff's attempt to kill himself by not eating (again, plaintiff does not explain how they were aware of this). But these defendants did not try to stop him. Plaintiff contends that they should have contacted the state courts to obtain an order allowing them to force-feed him.

In June 2014, plaintiff once again stopped eating and drinking. A few weeks later, the doctor at CCI obtained a court order allowing him to force-feed plaintiff. But defendant Joe Reda, a nurse at CCI, denied plaintiff his "prescribe[d] medical treatment." *Id.* ¶ 39. Plaintiff does not explain what his prescribed treatment was, although it appears that plaintiff is referring to the court order allowing CCI to force-feed him. Thus, I understand plaintiff to allege that Reda violated his constitutional rights by *not* force-feeding him.

Sometime after Reda did not force-feed plaintiff, defendant Randy Schneider—a correctional officer at CCI—took plaintiff to the observation shower. Schneider "banged" plaintiff's head against the shower door and shoved a metal glove down plaintiff's mouth, causing him gum and jaw pain. *Id.* ¶ 54.

Plaintiff filed a complaint in this court on May 24, 2016.

---

[1] Plaintiff refers to this person as "Hoffman" in the body of his complaint. *See* Dkt. 1, ¶¶ 10, 33. But plaintiff did not include this individual in the caption of his complaint. If plaintiff intends to name Hoffman as a defendant, then he should include him in the caption of his amended complaint.

ANALYSIS

Under Rule 8, plaintiff must present "a short and plain statement of the claim showing that [he] is entitled to relief." The purpose of the requirement is "to provide the defendant with 'fair notice' of the claim and its basis." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Here, plaintiff alleges that defendants violated his constitutional rights by depriving him of basic necessities, failing to force-feed him, and using excessive force on him. Even construing the complaint liberally, I conclude that plaintiff has failed to comply with Rule 8 with regard to his claims about not receiving basic necessities. As for plaintiff's other claims, it appears that he is trying to combine several unrelated claims into one lawsuit, which Rules 18 and 20 prohibit. I will therefore dismiss plaintiff's complaint. But I will give plaintiff an opportunity to amend his complaint.

The first deficiency in plaintiff's complaint is that he names several individuals as defendants but does not describe how these individuals were personally involved in any of the relevant events. Section "1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Here, plaintiff alleges that defendant Reda failed to comply with a court order authorizing CCI personnel to force-feed him, and that defendant Schneider used excessive force in transporting him to clinical observation. Thus, plaintiff has adequately alleged how these defendants were personally involved in the events of this case.

But for the remaining defendants, plaintiff has failed to allege personal involvement. For defendants Timothy Casiana, Theodore Anderson, Correctional Officer Thompson, and Correctional Officer Stellick, plaintiff simply does not allege any conduct at all. For defendants Woods, Norge, Weber, Melby, and Morrison, plaintiff does not explain how they

4

learned of the allegedly unlawful conditions in observation and how they failed to address those conditions. Plaintiff also does not explain how Woods, Norge, and defendants John/Jane Doe Nurses 1-3 were aware that he was starving himself and how they failed to address the situation. In amending his complaint, plaintiff must allege how these defendants were personally involved in violating his constitutional rights.

The second deficiency in plaintiff's complaint is that he does not provide enough details about the relevant events. Plaintiff's proposed claims appear to arise under the Eighth Amendment: he alleges that defendants subjected him to unlawful conditions of confinement, were deliberately indifferent to his serious medical needs, and used excessive force against him. To allege a claim for unlawful conditions of confinement, plaintiff must plead facts demonstrating that defendants "denied him the minimal civilized measure of life's necessities." *Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006) (citations and internal quotation marks omitted). Plaintiff must also allege that "defendants acted with a culpable state of mind," which means that the prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* (citations and internal quotation marks omitted). Plaintiff has addressed the first element of this claim by alleging that he was deprived of basic hygiene items. But because plaintiff has not alleged how defendants were personally involved in denying him these necessities, I cannot determine whether he has addressed the second element of this claim.

A claim for deliberate indifference to plaintiff's serious medical needs "contains both an objective and a subjective component." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Plaintiff must allege "that his medical condition is objectively, sufficiently serious" and that "prison officials acted with a sufficiently culpable state of mind." *Id.* (citations and

5

internal quotation marks omitted). With regard to defendants Norge, Woods, and John/Jane Doe Nurses 1-3, plaintiff has not addressed the second of these elements because he has not alleged how they were aware of plaintiff's medical needs. Plaintiff appears to have addressed both of these elements with his allegations that Reda refused to treat him. But as I will explain below, it is not clear that plaintiff can combine this claim with the other claims that he alleges.

Plaintiff's excessive force claim requires him to allege that his prison guards used force that "entail[ed] the unnecessary and wanton infliction of pain." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 667 (7th Cir. 2012) (citations and internal quotation marks omitted). For this claim, "the pertinent inquiry is whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 668 (citations and internal quotation marks omitted). Plaintiff appears to have addressed the elements of this claim with his allegations that Schneider banged his head into the shower door and forced a metal glove down his throat. But as I will explain below, it is not clear that plaintiff can combine this claim with the other claims that he alleges.

The third deficiency in plaintiff's complaint is that he appears to be trying to combine unrelated claims against unrelated defendants into one lawsuit. Rule 18(a) provides that "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." And Rule 20 authorizes joinder of multiple defendants into one action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

The Seventh Circuit has emphasized that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.* Here, plaintiff alleges that some defendants subjected him to unlawful conditions of confinement while he was in observation and were deliberately indifferent to his medical needs. But plaintiff also alleges that a different defendant denied him medical treatment and that yet another defendant used excessive force against him. In amending his complaint, plaintiff should include only related claims (i.e., claims against the same defendant, or claims against several defendants that arise out of the same events).

At this point, the case cannot proceed because plaintiff has failed to comply with Rule 8 in alleging claims about his conditions of confinement and because he has failed to comply with Rules 18 and 20 in alleging his other claims. Thus, I will direct plaintiff to file an amended complaint. If plaintiff does not file an amended complaint, or if his amended complaint does not comply with Rules 18 and 20, then I may require plaintiff to choose which claims to pursue in this case and which claims to pursue in a different lawsuit.

With his complaint, plaintiff has also filed a motion for assistance recruiting counsel. Dkt. 4. I will deny this motion without prejudice to plaintiff renewing his request later in this case. Litigants in civil cases do not have a constitutional right to a lawyer and I have discretion to determine whether assistance recruiting counsel is appropriate in a particular case. *Pruitt v. Mote,* 503 F.3d 647, 654, 656 (7th Cir. 2007). To prove that assistance recruiting counsel is necessary, this court generally requires that a pro se plaintiff: (1) provide the names and addresses of at least three lawyers who declined to represent him in this case;

and (2) demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his demonstrated ability to prosecute it. *Id.* at 655; *see also Young v. Cramer*, No. 13-cv-077, 2013 WL 5504480, at *2 (W.D. Wis. Oct. 3, 2013).

Plaintiff contends that he has made "over 5 attempts to get legal representation on his own." Dkt. 4, ¶ 7. But he has not submitted rejection letters from the attorneys whom he contacted or other documentary proof of his efforts to obtain counsel. This is reason enough to deny plaintiff's motion. *See Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992) ("[T]he district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts."). Even if plaintiff had substantiated his efforts to obtain counsel, the second requirement for assistance recruiting counsel requires him to demonstrate that the legal and factual difficulty of this case exceeds his ability to prosecute it. It is too early to tell whether plaintiff's Eighth Amendment claims will outstrip his litigation abilities. At this point, I am dismissing plaintiff's complaint for failure to comply with Rule 8. I have explained how plaintiff can overcome this deficiency, and his task is not so complicated that it requires the assistance of counsel.

If plaintiff files an amended complaint that complies with Rule 8, the case still may not pass the relatively early stage in which defendants may file a motion for summary judgment based on a statute of limitations or exhaustion of administrative remedies. Such a motion could result in dismissal of this case before it advances deep into the discovery stage of the litigation. Should the case pass the exhaustion stage, and should plaintiff continue to believe that he is unable to litigate the suit himself, then he should renew his motion.

ORDER

IT IS ORDERED that:

1. The complaint is DIMISSED for failure to comply with Federal Rule of Civil Procedure 8. Plaintiff may have until July 18, 2016, to file an amended complaint that provides a short and plain statement of a claim against defendants, and that complies with Federal Rules of Civil Procedure 18 and 20.

2. Plaintiff's motion for assistance recruiting counsel, Dkt. 4, is DENIED without prejudice to plaintiff refiling it later in the case.

Entered June 27, 2016.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge