IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TYRONE D. ARDS,

                Plaintiff,

  v.

TIMOTHY CASIANA, THEODORE ANDERSON,        OPINION & ORDER
RANDY SCHNEIDER, MICHAEL J. THOMPSON,
PATRICK STELLICK, MAURY THILL,                   16-cv-341-jdp
JOE REDA, KIM CAMPBELL,
ANN PETERS-ANDERSON,
and DAVID SPANNANGEL,

                Defendants.

---

Pro se plaintiff Tyrone D. Ards, a state prisoner now incarcerated at the Wisconsin Secure Program Facility, is proceeding on Eighth Amendment claims against prison officials at his previous prison, the Columbia Correctional Institution. Ards contends that defendants violated his Eighth Amendment rights by depriving him of medical care, failing to adequately respond to his threats of suicide, using excessive force against him, and failing to protect him from excessive force.

**A. Defendants' motion for partial summary judgment for Ards's failure to exhaust available administrative remedies**

Defendants move for partial summary judgment for Ards's failure to exhaust administrative remedies on some of his claims. Dkt. 40. Ards is proceeding on six sets of Eighth Amendment claims:

1. deliberate indifference claims against Patrick Stellick and Theodore Thompson for ignoring Ards's threats of suicide;

2. deliberate indifference claim against Theodore Thompson for giving Ards a bedsheet, intending for Ards to use the bedsheet to hang himself;

3. deliberate indifference claims against Theodore Anderson, Patrick Stellick, and Timothy Casiana for refusing Ards's request to see a nurse;

4. deliberate indifference claims against Joe Reda, Kim Campbell, David Spannangel,[1] and Ann Peters-Anderson for denying Ards pain medication and the opportunity to see a physician;

5. excessive force claims against Randy Schneider and Maury Thill for jumping on Ards's back, bending his wrist, banging his head on a metal shower door, and shoving a metal glove into his mouth; and

6. failure to protect claim against Anderson for failing to protect Ards from Schneider and Thill's excessive force.

Dkt. 10, at 4-5. Defendants move for partial summary judgment on the third, fourth, and sixth sets of claims. Dkt. 41, at 3-4, 10.[2]

Under the Prison Litigation Reform Act, a prisoner must exhaust available administrative remedies before suing in court. 42 U.S.C. § 1997e(a). To satisfy the exhaustion requirement, a prisoner must "properly take each step within the administrative process," which includes filing grievances and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024, 1025 (7th Cir. 2002). The exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and failure to exhaust requires dismissal of the prisoner's case. *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

---

[1] Ards named "David Spanngel," in his complaint, but I will rely on defendants' answer to the amended complaint, Dkt. 38, for the correct spelling.

[2] Defendants also move for summary judgment on claims against Casiana, Schneider, Thill, Reda, Campbell, and Spannangel for their failure to respond to Ards's threats of suicide. But I did not allow Ards to proceed on those claims in my screening order. Ards is proceeding against Thompson and Stellick, but not against other defendants, on deliberate indifference claims for failing to respond to his threats of suicide. Ards's response to defendants' summary judgment motion confirms that no defendants other than Thompson and Stellick were present during the self-harm incident; other defendants learned about the incident only after the fact. Dkt. 48, at 7.

Ards contends that defendants waived their exhaustion defense by failing to file a summary judgment motion on the issue before the deadline set by the court. Dkt. 48, at 9. The exhaustion requirement under the PLRA is an affirmative defense that can be waived. *Perez*, 182 F.3d at 536. "But waiver in the true sense occurs when a party intentionally relinquishes a known right." *Lewis v. Sternes*, 390 F.3d 1019, 1029 (7th Cir. 2004) (discussing procedural default defense in habeas context). Absent evidence of intent to waive, whether to consider an affirmative defense untimely raised by a party is a matter committed to a district court's discretion. *Id*.

The deadline for filing a motion on the issue of the exhaustion requirement was January 13, 2017, Dkt. 20, at 4, but defendants filed their motion three weeks later, on February 3, 2017, Dkt. 40, at 2. I asked defendants to explain why I should consider their untimely motion. Dkt. 47. Defendants explained that their "deadline was mistakenly calendared for February 3." Dkt. 49, at 2. Defendants addressed the problem as soon as they became aware of it, and I conclude that Ards was not prejudiced by the three-week delay, so I will consider defendants' motion.

I will grant defendants' motion in part. I will deny the motion as to Ards's claim against Anderson, but I will grant the motion as to his claims against Stellick, Casiana, Reda, Campbell, and Spannangel.

1.  **Failure to protect claim against Anderson**

The parties agree that Ards filed a grievance about the excessive force incident involving Schneider and Thill. Dkt. 42-3, at 10. Defendants contend that Ards failed to satisfy the exhaustion requirement as to Anderson because Ards did not specifically name Anderson in his grievance. Dkt. 41, at 8-9.

3

The purpose of the exhaustion requirement is "to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Jones v. Bock*, 549 U.S. 199, 219 (2007). Thus, a prisoner need not name every defendant in his grievance before he files suit in court. *Id*; *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) (reversing grant of summary judgment and explaining that an inmate need not provide the names or descriptions of defendants in a grievance). Nor does he need to "lay out the facts, articulate legal theories, or demand particular relief" in his grievance. *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). Rather, absent an administrative rule requiring otherwise, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).

Here, Ards has adequately alerted the prison to the nature of the wrong for which he sought redress: the use of excessive force against him on April 26, 2014. Ards explains in his grievance what happened during the encounter with Schneider and Thill. Dkt. 42-3, at 10. Although Ards did not articulate that Anderson was present or identify his legal theory against Anderson, if Anderson was present but nonetheless decided not to intervene, then his failure to act was part of the problem. Ards's grievance was sufficient to alert prison officials to the problem, allowing him to proceed against all involved, including Anderson. Accordingly, I will deny defendants' motion for summary judgment as to the claim against Anderson.

2. **Deliberate indifference claims for denial of health care**

Defendants also move for summary judgment on Ards's claims against Stellick, Casiana, Reda, Campbell, and Spannangel. Dkt. 41, at 8. According to Ards, these defendants denied him medical care on April 26, 2014, after he sustained injuries from

4

Schneider and Thill's excessive force. Stellick and Casiana refused his request to see a nurse; Reda, Campbell, and Spannangel refused to give him pain medication or to allow him to see a physician. Ards did not file a grievance for being denied medical care, but he instead filed a grievance for being charged a co-pay for his medical expenses. Dkt. 42, ¶ 34; Dkt. 42-1; Dkt. 42-4. Being asked to pay for his medical expenses is a fundamentally different problem from being denied medical care. Accordingly, I will grant summary judgment as to Ards's claims against these defendants.

Ards contends that he did in fact file a grievance against these defendants for denial of medical care. Dkt. 48, at 3. He asks me to review his grievances Nos. 22802 and 22804 attached to his brief. Dkt. 48-1, at 1-2. But the attachments are appellate decisions from the reviewing authority who rejected his grievances, not the grievances themselves, so I cannot tell what Ards actually wrote in his grievances. Besides, the reviewing authority rejected Ards's grievances as untimely. The Wisconsin Administrative Code requires a prisoner to file a complaint "14 calendar days after the occurrence giving rise to the complaint." Wis. Admin. Code DOC § 310.09(6). Ards filed his grievances beyond the 14-day limit, and he does not indicate why his untimely grievances should be excused. Accordingly, I conclude that Ards has not exhausted available administrative remedies as to his claims against Stellick, Casiana, Reda, Campbell, and Spannangel for their denial of medical care. I will grant summary judgment on those claims.

B.  **Deliberate indifference claim against Peters-Anderson**

Ards filed an amended complaint, identifies Peters-Anderson as one of the nurses who denied him medical care, and asserts a deliberate indifference claim against her. Dkt. 32. The Wisconsin Department of Justice represents other nurses (Reda, Campbell, and Spannangel)

5

who are DOC employees, but it does not represent Peters-Anderson, an employee of a private contractor. The DOJ has not accepted service for Peters-Anderson, and thus she has not yet appeared in this case. Dkt. 45. Before ordering the parties or U.S. Marshals to track down and serve Peters-Anderson, I will require Ards to respond to this order and address a problem with the claim against Peters-Anderson.

As discussed above, Ards has not exhausted administrative remedies on his claims for denial of medical care. I see no reason to require Peter-Anderson to appear when the only thing she would do is to move for summary judgment on Ards's failure to exhaust. Under Rule 56(f), a district court may enter summary judgment without a formal motion from a party, on grounds not raised by a party. But before entering summary judgment, the court must give the adverse party a notice and reasonable opportunity to respond. *Lynch v. Ne. Reg'l Commuter R.R. Corp.*, 700 F.3d 906, 910-11 (7th Cir. 2012); *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 603 (7th Cir. 2015). Accordingly, I will give a notice to Ards under Federal Rule of Civil Procedure 56(f) and ask him to explain whether he has exhausted available administrative remedies for his claim against Peters-Anderson.

I will give Ards two weeks to respond to show that he exhausted available administrative remedies on his claim against Peters-Anderson. If Ards fails to provide a response in two weeks, I will dismiss Ards's claim against Peters-Anderson.

**C. Ards's motion for the court's assistance in recruiting counsel**

Ards moves for appointment of counsel. Dkt. 43. I will deny his motion without prejudice.

Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can

6

only assist in recruiting counsel who may be willing to serve without compensation. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc).

Before assisting in recruiting counsel, this court generally requires a pro se litigant to satisfy two requirements. First, the pro se litigant must show that he has made reasonable efforts to recruit counsel on his own. *See Jackson v. Cty. of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992) ("[T]he district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). The court requires the pro se litigant to provide the names and addresses of at least three attorneys who declined to represent him. Here, Ards has satisfied this requirement.[3]

Second, once the pro se litigant has shown that he made some reasonable attempt to recruit counsel, the court "must examine whether the difficulty of the case—factually and legally—exceeds" his abilities to litigate his claims. *Perez v. Fenoglio*, 792 F.3d 768, 784 (7th Cir. 2015) (internal citation and quotation marks omitted). Assessing the litigant's abilities is a "practical" inquiry, *Santiago v. Walls*, 599 F.3d 749, 762 (7th Cir. 2010), and no fixed requirement exists, *Pruitt*, 503 F.3d at 655. But courts generally consider the litigant's "literacy, communication skills, educational level, and litigation experience" in light of the complexities of the case. *Id*.

---

[3] In his prior motion for counsel, he attached a document titled "Interview/Information Request," which states, "It is DOC practice that we only allow mailings to 3 attorneys per case unless the court requires more. You would need to submit documentation requiring such." Dkt. 24-1. I take this document to be a notice from the prison administration, showing that the prison did not allow Ards to send more mail to attorneys because Ards had already sent letters to three attorneys.

Here, it is still too early to tell whether recruitment of counsel is appropriate. Ards relies on the fact that he is proceeding on claims for the denial of medical care, which often require expert witnesses. But he has not exhausted administrative remedies for his medical care claims. Besides, asserting a deliberate indifference claim alone does not automatically entitle him to counsel. "Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). And a district court must choose from "a sea of people lacking counsel, those who need counsel the most." *Id*. I am not convinced that this case will turn on complex issues that would require counsel. His excessive force and failure to protect claims will likely turn on whether defendants actually jumped on his back, bent his wrist, smashed his head into a metal shower door, and shoved a metal glove into his mouth. Ards can litigate these issues without counsel by telling his side of the story.

I have also considered Ards's abilities to litigate his claims. I held a telephonic conference earlier in this case. Dkt. 25. During the conference, Ards was coherent and lucid, and he ably presented his side of the case. Ards will not be unduly prejudiced by the lack of counsel at this time. If I later determine that recruitment of counsel is appropriate, I will consider extending the discovery period or other deadlines to ensure that Ards has a fair chance at litigating his claims.

Ards also states in his motion for counsel that defendants have failed to produce documents despite his requests. If he continues to have difficulties in acquiring those documents, he should file a separate motion to compel. In that motion, he should indicate what documents he sought from defendants and whether he had conferred with defendants in good faith to resolve his discovery disputes.

CONCLUSION

Because I decided to grant defendants' summary judgment motion in part, Ards now has the following claims:

1. deliberate indifference claims against Stellick and Thompson for ignoring threats of suicide;

2. deliberate indifference claim against Thompson for giving Ards a bedsheet, intending for Ards to use the bedsheet to hang himself;

3. excessive force claims against Schneider and Thill for jumping on his back, bending his wrist, banging his head on a metal shower door, and forcing a metal glove into his mouth; and

4. failure to protect claim against Anderson for failing to protect Ards from Schneider and Thill's excessive force.

Ards must respond to this order and indicate whether he has exhausted his administrative remedies on his deliberate indifference claim against Peters-Anderson for refusing to provide medical care. Ards no longer has any claim against Casiana, Reda, Campbell, and Spannangel, so I will dismiss these defendants from the case.

ORDER

IT IS ORDERED that:

1. The motion for partial summary judgment by defendants Timothy Casiana, Theodore Anderson, Randy Schneider, Michael Thompson, Patrick Stellick, Maury Thill, Joe Reda, Kim Campbell, David Spannangel, Dkt. 40, is GRANTED in part and DENIED in part.

2. Plaintiff Tyrone D. Ards's Eighth Amendment indifference claims against defendants Stellick, Casiana, Reda, Campbell, and Spannangel for denial of medical care, are DISMISSED without prejudice.

3. Defendants Casiana, Reda, Campbell, and Spannangel are DISMISSED from this case.

4. Plaintiff may have until March 29, 2017, to respond to this order and explain why he should be allowed to proceed against defendant Ann Peters-Anderson.

5. Plaintiff's motion for the court's assistance in recruiting counsel, Dkt. 43, is DENIED without prejudice.

Entered March 15, 2017.

BY THE COURT:
/s/

_____

JAMES D. PETERSON
District Judge