IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TYRONE D. ARDS,

                    Plaintiff,

      v.

TIMOTHY CASIANA, THEODORE ANDERSON,                   OPINION & ORDER
RANDY SCHNEIDER, MICHAEL J.
THOMPSON,                                                  16-cv-341-jdp
PATRICK STELLICK, MAURY THILL,
JOE REDA, KIM CAMPBELL,
ANN PETERS-ANDERSON,
and DAVID SPANNANGEL,

                    Defendants.

---

Pro se plaintiff Tyrone D. Ards, a state prisoner now incarcerated at the Wisconsin Secure Program Facility, is proceeding on Eighth Amendment claims against prison officials at his previous prison, the Columbia Correctional Institution. Ards contends that defendants violated his Eighth Amendment rights by depriving him of medical care, failing to respond to his suicide threats, using excessive force against him, and failing to protect him from excessive force.

This opinion will address four documents filed by Ards: (1) a motion for reconsideration of the partial summary judgment on Ards's failure to exhaust administrative remedies, Dkt. 60; (2) a motion for an order allowing Ards to correspond with witnesses using his legal loan, Dkt. 53; (3) a motion to compel defendants to respond to his interrogatories and to requests for admission, Dkt. 56; and (4) a declaration indicating that Ards faces imminent danger, Dkt. 65. I will deny the three motions. As for the fourth document, it is not a motion asking

for a particular relief, but I will nonetheless consider whether Ards's safety is ensured. I conclude that WSPF has implemented appropriate measures for Ards's safety, but I will direct the Wisconsin Attorney General's Office to apprise prison officials of Ards's refusal to eat his meals or drink water.

## A. Motion for reconsideration

I granted defendants' motion for partial summary judgment and dismissed Ards's deliberate-indifference claims for denial of medical care because Ards had failed to exhaust administrative remedies as to those claims. Dkt. 55, at 4-5. Ards now moves for reconsideration of that decision. Dkt. 60. For the reasons discussed below, I will deny Ards's motion for reconsideration.

### 1. Timeliness

Ards contends that I was "extremely bias[ed] because I considered defendants' motion for partial summary judgment even though the motion was filed 21 days after the deadline. Dkt. 60, ¶ 1. But as I explained in the order, defendants did not waive their right to move for summary judgment on the exhaustion issue by failing to file their motion on time. Dkt. 55, at 3. And, although defendants filed their motion late, Ards was given an adequate opportunity to respond to defendants' motion. Accordingly, the 21-day delay did not prejudice Ards.

### 2. Deliberate-indifference claims against Anderson, Stellick, Casiana, Reda, Campbell, and Spannangel for denial of medical care

Ards next contends that I erred by granting summary judgment on his claims against defendants Theodore Anderson, Patrick Stellick, Timothy Casiana, Joe Reda, Kim Campbell, and David Spannangel. I granted summary judgment as to these defendants because Ards had not filed a timely grievance. Dkt. 55, at 5. The only grievance filed on time was his grievance

about being charged a co-pay for medical expenses, and that grievance did not satisfy the exhaustion requirement. Dkt. 42, ¶ 34; Dkt. 42-1; Dkt. 42-4; Dkt. 55, at 5. In his opposition brief, Ards asked me to review his inmate complaints, Dkt. 48, at 3 (Ards's opposition brief, stating, "Review complaints # 22802 [and] 22804."), but the documents attached to his opposition brief were not his grievances: they were decisions from the reviewing authority rejecting Ards's grievances as untimely. Dkt. 55, at 5. I explained that, because Ards had not actually submitted his grievances, I could not tell what Ards wrote in his grievances and that, even if the grievances mentioned in those documents concerned denial of medical care, his grievances were untimely, as noted by the reviewing authority. *Id*.

Ards now argues in his motion for reconsideration that,

> The court[] also gave the defendant an opportunity to give an excuse as to why they filed for summary judgment [late], but did not give the plaintiff any opportunity to explain why he filed his I.C.E. late, even though when the plaintiff filed his rejection he explained his reason in that complaint. But for some outlandish reason [defendants' counsel] keep denying me such documents.

Dkt. 60, ¶ 1. But Ards did have an opportunity to explain why he filed his grievance late. Defendants pointed out in their opening brief that Ards had not filed a timely grievance. Dkt. 41, at 8 ("Surely if Ards had a complaint about being denied care, or access to care, he would have made it at that time. Having not timely done so, he is now barred from doing so."). Ards could have explained in his opposition brief, Dkt. 48, why his untimely grievances should be excused, but he did not.

I also take Ards to mean that he explained in his grievances (or some other documents) why he filed his grievances late and that defendants' counsel denied Ards access to those documents, resulting in his inability to explain why his untimely grievances should be excused. But if Ards could not respond to defendants' motion for summary judgment because he was

missing those documents, he should have said so in his opposition brief. Ards did not indicate that he was missing those documents or that the missing documents contained reasons that excused his untimely grievances. I will not consider new arguments that Ards could have raised in response to defendants' summary judgment motion. *See, e.g., Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007). Accordingly, Ards's claim about the missing documents does not warrant reconsideration of the summary judgment decision.

Ards next contends that he gave a proper notice to prison officials regarding denial of medical care because he submitted numerous "request slips" for health services. Dkt. 60, at 3-4. But Ards was required to follow the grievance procedures established by the prison officials. *Pozo v. McCaughtry*, 286 F.3d 1022, 1024, 1025 (7th Cir. 2002). The request slips are not grievances, and they do not satisfy the exhaustion requirement.

Ards also contends that he exhausted remedies as to his claim against Anderson because Anderson knew that Ards was denied medical care. According to Ards, Anderson informed his supervisor about the problem. Dkt. 60, ¶ 5. But Anderson's reporting to his supervisor does not establish that Ards filed a timely grievance.

Ards's motion for reconsideration as to his claims against Anderson, Stellick, Casiana, Reda, Campbell, and Spannangel is denied.

### 3. Deliberate-indifference claim against Peters-Anderson for denial of medical care

I explained in the summary judgment order that, because Ards had not exhausted administrative remedies for denial of medical care, he had not satisfied the exhaustion requirement for his claim against defendant Ann Peters-Anderson, a private medical provider, who had not appeared in the case because she had not been served. Dkt. 55, at 5-6. I gave Ards

a notice under Federal Rule of Civil Procedure 56(f) and allowed Ards two weeks to show how he exhausted administrative remedies for his claim against Peters-Anderson. Ards has failed to do so. Although Ards argues that he exhausted remedies for claims against all medical defendants, including Peters-Anderson and other dismissed defendants, those arguments lack merit, as explained above. Accordingly, I will dismiss Peters-Anderson from this case.

4. **Deliberate-indifference claims against Schneider, Anderson, and Casiana for failure to respond to suicide threats**

Ards also contends that he should be allowed to proceed against Schneider, Anderson, and Casiana on the theory that they did not adequately respond to Ards's suicide threats. *See* Dkt. 60, ¶¶ 2-5. This is not an issue that the summary judgment order addressed: Ards had not asserted such claims against these defendants, and I did not allow Ards to proceed on those claims in my screening order. Ards asserted failure-to-protect claims only against defendants Thompson and Stellick. Dkt. 8, ¶¶ 11-17. And Ards already had opportunities to amend his complaint. Neither an opposition brief to a summary judgment motion nor a motion for reconsideration is an appropriate way to amend the complaint.

**B. Motion for an order allowing Ards to correspond with witnesses using legal loan**

Ards moves for an order allowing him to correspond with two witnesses, James Davis and Jeffrey Davis, using his legal loan. Dkt. 53. Defendants state that prison officials already permitted Ards to use his legal loan to correspond with these witnesses. Dkt. 58. Ards has not filed a reply disputing defendants' statement. I will accept defendants' statement as true and deny Ards's motion as moot.

## C. Motion to compel

Ards filed a motion to compel, seeking responses to his requests for admissions and interrogatories. Dkt. 56. Defendants indicate that they already provided their responses while Ards's motion was pending. Dkt. 58 and Dkt. 59. Ards has not filed a reply stating that he has not received them. Thus, Ards's motion to compel is moot as well.

## D. Declaration that Ards faces imminent danger

Ards filed a declaration stating that he faces imminent danger. Dkt. 65. According to Ards, he has not eaten his meals or drunk water for several days, but the Health Services Unit at WSPF is refusing to see him. Ards believes that the prison officials are retaliating against him for his suicide attempts. *Id*.

Ards does not explain what kind of medical care he sought from the HSU, but he attached to his declaration a copy of a request slip submitted to the HSU. Dkt. 65-1. In that request slip, Ards informed the HSU that he had not eaten or drunk for a few days and that under the applicable prison policy, if an inmate refuses to eat for 24 hours, the inmate must be seen daily. *Id*. The request slip also shows the HSU's response to Ards's request: the HSU arranged a "meal monitor" to track Ards's meals. *Id*. Accordingly, it appears that the HSU is aware of the problem and has taken steps to ensure Ards's safety.

I also note that the court already took numerous steps to alert the prison officials at WSPF about Ards's risk of self-harm. I held a hearing in November 2016 and asked defendants whether the prison officials were ensuring Ards's safety, given Ards's continued efforts to kill himself. (Despite his past history of self-harm, Ards had somehow obtained and swallowed 72 pills of acetaminophen.) Defendants indicated that the prison officials had implemented numerous measures to ensure Ards's safety. Dkt. 28. When Ards filed another declaration

earlier this year indicating that he once again became suicidal, Dkt. 61, Magistrate Judge Crocker directed the Wisconsin Attorney General's Office to alert prison officials about Ards's suicidal ideation, Dkt. 62. I will take the same step again: the Wisconsin Attorney General's Office should alert prison officials to Ards's refusal to eat his meals or drink water.

When Ards holds himself hostage by threatening to harm himself (or refusing to eat), he places prison officials in a difficult position. I am persuaded that prison officials are now aware of Ards's propensity to self-harm and that they are taking appropriate precautions. But a prison cannot absolutely ensure the safety of an inmate who is committed to self-harm.

Finally, if Ards wants an injunctive relief from the court, he must file a proper motion. That motion must specify the relief Ards seeks, explain why he is entitled to that relief, and follow the applicable procedural requirements. I will direct the clerk of court to send Ards a copy of this court's administrative order on motions for injunctive relief, which explains the procedures for obtaining an injunction.[1] For now, Ards has not demonstrated that he is entitled to any injunctive relief.

ORDER

IT IS ORDERED that:

1. Plaintiff Tyrone D. Ards's motion for reconsideration, Dkt. 60, is DENIED.

2. Plaintiff's claims against defendant Ann Peters-Anderson are DISMISSED.

3. Defendant Ann Peters-Anderson is DISMISSED from this case.

4. Plaintiff's motion for an order allowing plaintiff to correspond with witnesses using his legal loan, Dkt. 53, is DENIED as moot.

---

[1] *Available at* http://www.wiwd.uscourts.gov/sites/default/files/Injunctive_Relief.pdf (last visited April 24, 2017).

5. Plaintiff's motion to compel, Dkt. 56, is DENIED as moot.

6. The Wisconsin Attorney General's Office is directed to alert the Department of Corrections officials about plaintiff's refusal to eat his meals or drink water, Dkt. 65.

7. The clerk of court is directed to send plaintiff a copy of this court's administrative order on motions for injunctive relief.

Entered April 27, 2017.

BY THE COURT:
/s/

_____

JAMES D. PETERSON
District Judge