IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TYRONE D. ARDS,

                    Plaintiff,

   v.

THEODORE ANDERSON,
RANDY SCHNEIDER,
MICHAEL J. THOMPSON,
PATRICK STELLICK, and
MAURY THILL,

                    Defendants.

ORDER

16-cv-341-jdp

---

Pro se plaintiff Tyrone D. Ards, a state prisoner now incarcerated at the Wisconsin Secure Program Facility, is proceeding against correctional officers at his previous prison, the Columbia Correctional Institution. He contends that defendants were deliberately indifferent toward his risk of suicide and that they used excessive force against him. I have denied defendants' motion for summary judgment, granted Ards's motion for assistance in recruiting counsel, and stayed the case pending recruitment of counsel. Dkt. 138.

Attorneys James Law and Jeff Roeske of the law firm Reinhart Boerner Van Deuren S.C. have agreed to represent Ards, with the understanding that they will serve as counsel with no guarantee of compensation. I have granted Ards's motion for assistance in recruiting counsel only as to the proceedings before this court in Case No. 16-cv-341.[1] The attorneys are not required to represent Ards in his other proceedings.

---

[1] Proceedings before this court include all matters leading up to a final judgment on the merits, and if appropriate, the filing of a notice of appeal and the transfer of the record to the Seventh Circuit.

Ards is now represented by counsel, so he may not communicate directly with the court from this point forward in this case. He must work directly with his attorneys and allow them to exercise their professional judgment. Ards does not have the right to require counsel to raise frivolous arguments or to require them to follow his every directive. He should be prepared to accept the strategic decisions made by his attorneys even if he disagrees with them. If Ards decides to end the attorneys' representation, he is free to do so, but it is unlikely that the court will assist in recruiting counsel for him again.

I will allow Ards's attorneys to assess the case and inform the court how the case should proceed. Although this case appears ready for trial, I will consider allowing additional discovery, as there are numerous gaps in the record as to what happened on April 26, 2014, the day Ards alleges he hung himself and was subjected to excessive force.

I will also consider allowing Ards to amend his pleading, even though this court does not normally allow amendments this late in the case. I have a duty to take measures to adjudicate Ards's claims on the merits. *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). An amendment might allow Ards's attorneys to investigate and assert claims that Ards could not identify due to his difficulties in appreciating legal subtleties. *See Perez v. Fenoglio*, 792 F.3d 768, 784 (7th Cir. 2015). Ards has indicated that he has a reading level of a fifth grader, and it is unclear whether he is mentally competent given his history of self-harm attempts. These difficulties raise concerns whether Ards has had a fair opportunity to litigate this case so far. Ards's attorneys should file a status report indicating how the case should proceed—whether they wish to proceed to trial, conduct additional discovery, amend the complaint, or take any other appropriate action that would ensure a fair opportunity for Ards to litigate this case. Defendants will have an opportunity to respond to the status report. I will

set briefing deadlines below and entertain modest extensions if appropriate. After reviewing the parties' submissions, I will determine how the case will proceed and lift the stay.

ORDER

IT IS ORDERED that:

1. Plaintiff Tyrone D. Ards may have until February 26, 2018, to file a status report on how the case should proceed.

2. Defendants' response to Ards's status report is due March 12, 2018.

Entered February 15, 2018.

BY THE COURT:

/s/_____
JAMES D. PETERSON
District Judge